Filed 5/29/15  Flores v. Dept. of Justice CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| JOSE O. FLORES,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>        Defendant and Respondent;<br><br>THE PEOPLE,<br><br>        Real Party in Interest and<br>        Respondent. | A141873<br><br>(San Mateo County<br>Super. Ct. No. SCO2037A) |

Appellant Jose Flores has registered as a Penal Code section 290[1] sex offender since 1989.  In 1997, Flores obtained a certificate of rehabilitation, and in 2012, he requested that respondent Department of Justice (Department) relieve him of further obligation to register under section 290.  After the Department denied his request, Flores petitioned the Superior Court for the County of San Mateo for a writ of administrative mandamus directing the Department to remove him from the sex offender registry.  The court denied his petition.  Flores appeals, and we reverse.

## BACKGROUND

In July 1988, Flores was arrested on charges of attempted rape (§ 664/261, subd. (2)) and assault with intent to commit rape (*ibid.*, § 220).  He pleaded no contest to the attempted rape charge, and the second count was dismissed.  On his change of plea form,

_____

[1] All statutory references are to the Penal Code.

1

Flores acknowledged that as a result of his plea, he "must register as a sex offender in accordance with [section] 290 . . . ."

On January 27, 1989, the court sentenced Flores to a three-year term of felony probation, the terms and conditions of which included eight months in county jail. Flores was admitted to probation on March 14, 1989.

In August 1989, Flores was released from custody after serving his jail sentence. Upon his release, he was instructed by his probation officer to register as a sex offender, which he did for the first time on August 10, 1989.

On February 11, 1991, the court ordered Flores's probation terminated, Flores having fulfilled the terms of his probation and remained arrest-free. His no contest plea was set aside, a plea of not guilty entered, and the accusatory pleading dismissed pursuant to sections 1203.3 and 1203.4.

Flores subsequently petitioned for a certificate of rehabilitation. (§ 4852.01 et seq.) On December 17, 1997, the trial court granted his petition. In the order granting the petition, the trial court "recommend[ed] that the Governor of the State of California grant [Flores] a full pardon . . . ." Despite this recommendation, by letter dated June 16, 2005, the Governor of California denied Flores's request for a pardon.

On September 26, 2012, Flores's counsel, Eloy Trujillo, sent a letter to the Department requesting that it relieve Flores of his section 290 registration obligation. Trujillo cited the following three reasons for the request: (1) under the law in effect on December 17, 1997 (the date the trial court granted Flores a certificate of rehabilitation), Flores's offense qualified for relief from the obligation to register as a sex offender; (2) the trial court did not advise Flores of the lifetime registration requirement at any time during the trial court proceedings; and (3) Flores's plea was based on the state of the law at the time of his plea, at which time a grant of a certificate of rehabilitation would have relieved him of the obligation to register as a sex offender.

In a response dated December 10, 2012, the Attorney General denied Flores's request. She provided the following explanation for the denial: "Under California Penal Code section 290.5, an offender convicted of one of the enumerated offense [*sic*] listed in

the statue [*sic*] must obtain a Governor's Pardon to be relieved from their requirement to register as a sex offender. Although a Certificate of Rehabilitation was granted for your client's criminal conviction, Mr. Flores' application for a Governor's Pardon was denied. Thus, he is still required to register as a sex offender pursuant to California Penal Code section 290, and he will remain in the California Sex Offender Registry."

On January 15, 2013, Flores filed a petition for a writ of administrative mandamus, seeking an order directing the Department to remove him from the sex offender registry, based on the same three reasons he presented to the Department. The petition was supported by two declarations, one of attorney Trujillo, the other of Flores himself. Trujillo's declaration primarily authenticated records submitted in support of the petition. Flores's declaration detailed the original trial court proceedings and his history of registering as a sex offender. Flores also testified that at no time during the proceedings before the trial court did his attorney, the court, or anyone else advise him that his no contest plea would subject him to lifetime registration as a sex offender. According to Flores, had he been made so aware, he would not have pleaded no contest and would have, instead, proceeded to trial. Finally, Flores testified that he had "been of good conduct, and remained arrest-free, since the time of [his] conviction," had obtained a bachelor's degree and maintained continuous professional employment, owned a home, and was married with two children.

On March 10, 2014, without holding a hearing, the trial court denied Flores's petition, which was unopposed by the Department.

This timely appeal followed.

## DISCUSSION

On appeal, Flores contends the trial court erred in denying his petition, for two reasons. First, he argues that he was never advised of the lifetime registration requirement when he pleaded no contest to attempted rape. Second, under the law as it existed at the time he received his certificate of rehabilitation, he was entitled to be relieved of his registration obligation. The Attorney General concedes Flores's second

argument is meritorious.[2]  We review Flores's claim de novo (*Parra v. City and County of San Francisco* (2006) 144 Cal.App.4th 977, 992), and we conclude the concession is well taken.

Section 290.5 generally provides that a person required to register as a section 290 sex offender "upon obtaining a certificate of rehabilitation . . . shall be relieved of any future duty to register under Section 290 if he or she is not in custody, on parole, or on probation."[3]  (§ 290.5, subd. (a).)  Expressly excluded from that provision, however, are persons convicted of certain specified offenses, which offenses include attempted rape—Flores's offense here.  (§ 290.5, subd. (a)(2)(D), (U).)  Significantly, however, on December 17, 1997—when the trial court granted Flores's petition for a certificate of rehabilitation—attempted rape was not statutorily excluded from offenses for which relief from the duty to register as a sex offender was available.  (See former §§ 290, subd. (g)(2); 290.4, subd. (a)(1); 290.5.)  In other words, at the time Flores obtained his certificate of rehabilitation, a felon convicted of attempted rape could, upon obtaining such a certificate, obtain relief from the section 290 registration obligation.  Thus, the Department should have relieved Flores from his lifetime obligation to register as a sex offender.

In reaching a contrary conclusion, the trial court relied on *Doe v. Harris* (2013) 57 Cal.4th 64, 66 (*Harris*), but its reliance was misplaced.  There, defendant pleaded no contest to an offense that subjected him to registration under section 290.  At the time, the law provided that information concerning registered sex offenders was not available to the public.  (Former § 290, subd. (i).)  The law subsequently changed with the 2004

---

[2] Despite this concession, the Attorney General concludes her respondent's brief by stating that the judgment should be affirmed.  We assume this is a misstatement in light of her concession.

[3] The eligibility for filing a petition for a certificate of rehabilitation is detailed in section 4852.01 et seq.  "With certain exceptions . . ., the certificate of rehabilitation procedure is available to convicted felons who have successfully completed their sentences, and who have undergone an additional and sustained 'period of rehabilitation' in California."  (*People v. Ansell* (2001) 25 Cal.4th 868, 875.)

enactment of "Megan's Law," which provided, among other things, that the names, addresses, and photographs of registered sex offenders would be public information. (§ 290.46, added by Stats. 2004, ch. 745, § 1, pp. 5798–5803.) The Legislature expressly made the law "applicable to every person described in this section, without regard to when his or her crimes were committed or his or her duty to register pursuant to Section 290 arose, and to every offense described in this section, regardless of when it was committed." (§ 290.46, subd. (m).) Defendant filed a civil complaint, contending that applying the law as amended to him violated his plea agreement. (*Harris, supra,* 57 Cal.4th at pp. 66–67.)

Defendant's case reached the Supreme Court, which framed the issue before it as follows: "whether the rule in California is that the terms of a plea agreement incorporate existing law to the exclusion of any retroactive amendments to the law . . . ." (*Harris, supra,* 57 Cal.4th at p. 69.) The court answered that question in the negative: "[T]he general rule in California is that a plea agreement is ' "deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy. . . ." ' [Citation.] It follows, also as a general rule, that requiring the parties' compliance with changes in the law made retroactive to them does not violate the terms of the plea agreement, nor does the failure of a plea agreement to reference the possibility the law might change translate into an implied promise the defendant will be unaffected by a change in the statutory consequences attending his or her conviction. To that extent, then, the terms of the plea agreement can be affected by changes in the law." (*Id.* at pp. 73–74.)

From this holding, the trial court here concluded that "a change in the law with respect to registration arising from [defendant's] conviction is applicable to him regardless of the state of the law at the time of his conviction or at the time he obtained his Certificate of Rehabilitation." But the situation in *Harris* is distinguishable from this case. First, and perhaps most significantly, the Legislature in *Harris* expressly made the statute at issue there—section 290.46, subdivision (m)—retroactive, whereas the

5

amendments to sections 290.5, 290.4, subd. (a)(1), and 290, subd. (g)(2) contain no such provision.  *Harris* also did not involve a certificate of rehabilitation, and the court thus had no occasion to consider the effect of a later statutory amendment on a previously obtained certificate.  (See *People v. Ansell, supra,* 25 Cal.4th at p. 871 [certificate of rehabilitation properly denied where defendant sought certificate after law was amended to make the certificate unavailable to persons, like defendant, who had been convicted of particular sex offenses].)  In light of these distinctions, *Harris* does not control the outcome here.

## DISPOSITION

The order denying Flores's petition for a writ of administrative mandamus is reversed, and the cause is remanded to the trial court with directions to (1) set aside the order denying the petition, (2) enter a new order granting the petition, and (3) issue a writ of administrative mandamus directing the Department to remove defendant from the California sex offender registry and relieve him from any further duty to register under section 290 et seq.  Flores shall recover his costs on appeal.


_____
Richman, Acting P.J.


We concur:


_____
Stewart, J.


_____
Miller, J.

6